UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GILBERT CARRASCO,                    )    NO. EDCV 08-392-CT
                                     )
            Plaintiff,               )    OPINION AND ORDER
                                     )
      v.                             )
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of                      )
Social Security,                     )
                                     )
            Defendant.               )
_____)

     For the reasons set forth below, it is ordered that the matter
be **REMANDED** pursuant to sentence four of 42 U.S.C. Section 405(g)
to defendant Commissioner of Social Security ("the Commissioner")
for further administrative action consistent with this opinion and
order.

                        SUMMARY OF PROCEEDINGS

     On March 28, 2008, plaintiff, Gilbert Carrasco ("plaintiff"),
filed a complaint seeking judicial review of the denial of benefits
by the Commissioner pursuant to the Social Security Act ("the
Act").  The  parties filed a consent to proceed before the
magistrate judge.  On July 7, 2008, plaintiff filed a motion for

1  summary judgment for remand or reversal.   On July 31, 2008, the

2  Commissioner filed a brief in opposition.

3  SUMMARY OF ADMINISTRATIVE RECORD

4  1.   Proceedings

5       On June 10, 2005, plaintiff filed applications for disability

6  insurance benefits and Supplemental Security Income ("SSI"),

7  alleging disability since April 1, 2005 due to paranoid

8  schizophrenia, depression and vision problems.   (TR 71-73, 79, 299-

9  304).[1]   The applications were denied initially and upon

10  reconsideration.   (TR 42-47, 50-54, 305-06).

11       On March 13, 2006, plaintiff filed a request for a hearing

12  before an administrative law judge ("ALJ").   (TR 39).   On May 3,

13  2007, plaintiff, represented by an attorney, appeared and testified

14  before an ALJ.   (TR 307-323).   On May 14, 2007, the ALJ issued a

15  decision that plaintiff was not disabled, as defined by the Act,

16  and thus was not eligible for benefits.   (TR 12-18).   On June 14,

17  2007, plaintiff filed a request with the Social Security Appeals

18  Council to review the ALJ's decision.   (TR 7).   On January 25,

19  2008, the request was denied.   (TR 4-6).   Accordingly, the ALJ's

20  decision stands as the final decision of the Commissioner.

21  Plaintiff subsequently sought judicial review in this court.

22  2.   Summary Of The Evidence

23       The ALJ's decision, attached as an exhibit to this order,

24  except as otherwise noted, materially summarizes the evidence in

25  _____

26       [1]      "TR" refers to the transcript of the record of
   administrative proceedings in this case and will be followed by
27  the relevant page number(s) of the transcript.

28                                    2

1 │ the case.

2 │ PLAINTIFF'S CONTENTIONS

3 │     Plaintiff contends as follows:

4 │ 1.    The ALJ erred by failing to properly consider the treating

5 │     physician's psychiatric evaluation;

6 │ 2.    The ALJ erred by failing to properly consider the consultative

7 │     examiner's evaluation;

8 │ 3.    The ALJ failed to properly consider the type, dosage and side

9 │     effects of plaintiff's medications;

10 │ 4.    The ALJ erred by failing to find plaintiff's schizoaffective

11 │     disorder severe; and,

12 │ 5.    The ALJ erred by failing to properly consider the physical and

13 │     mental demands of plaintiff's past relevant work.

14 │ STANDARD OF REVIEW

15 │     Under 42 U.S.C. §405(g), this court reviews the Commissioner's

16 │ decision to determine if: (1) the Commissioner's findings are

17 │ supported by substantial evidence; and, (2) the Commissioner used

18 │ proper legal standards. Macri v. Chater, 93 F.3d 540, 543 (9th

19 │ Cir. 1996). Substantial evidence means "more than a mere

20 │ scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971), but

21 │ less than a preponderance. Sandgathe v. Chater, 108 F.3d 978, 980

22 │ (9th Cir. 1997).

23 │     When the evidence can reasonably support either affirming or

24 │ reversing the Commissioner's conclusion, however, the Court may not

25 │ substitute its judgment for that of the Commissioner. Flaten v.

26 │ Secretary of Health and Human Services, 44 F.3d 1453, 1457 (9th

27 │ Cir. 1995). The court has the authority to affirm, modify, or

28 │

3

1 reverse the Commissioner's decision "with or without remanding the
2 cause for rehearing."  42 U.S.C. §405(g).  Remand is appropriate
3 where additional proceedings would remedy defects in the
4 Commissioner's decision.  <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603
5 (9th Cir. 1989).

6 <u>DISCUSSION</u>

7 1.   <u>The Sequential Evaluation</u>

8     A person is "disabled" for the purpose of receiving social
9 security benefits if he or she is unable to "engage in any
10 substantial gainful activity by reason of any medically
11 determinable physical or mental impairment which can be expected to
12 result in death or which has lasted or can be expected to last for
13 a continuous period of not less than 12 months."  42 U.S.C.
14 §423(d)(1)(A).

15     The Commissioner has established a five-step sequential
16 evaluation for determining whether a person is disabled.  First, it
17 is determined whether the person is engaged in "substantial gainful
18 activity."  If so, benefits are denied.

19     Second, if the person is not so engaged, it is determined
20 whether the person has a medically severe impairment or combination
21 of impairments.  If the person does not have a severe impairment or
22 combination of impairments, benefits are denied.

23     Third, if the person has a severe impairment, it is determined
24 whether the impairment meets or equals one of a number of "listed
25 impairments." If the impairment meets or equals a "listed
26 impairment," the person is conclusively presumed to be disabled.

27     Fourth, if the impairment does not meet or equal a "listed

28
4

1  impairment," it is determined whether the impairment prevents the
2  person from performing past relevant work.   If the person can
3  perform past relevant work, benefits are denied.

4       Fifth, if the person cannot perform past relevant work, the
5  burden shifts to the Commissioner to show that the person is able
6  to perform other kinds of work.   The person is entitled to benefits
7  only if the person is unable to perform other work.   20 C.F.R.
8  §§404.1520, 416.920; <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987).

9  2.   <u>Issues</u>

10      A.   <u>Treating and Examining Physicians</u> (Issues 1 and 2)

11      Plaintiff asserts that the ALJ failed to give proper weight to
12  the psychiatric evaluation of plaintiff's treating physician, in
13  which the psychiatrist found that plaintiff has schizoaffective
14  disorder and a global assessment of functioning ("GAF") score of
15  42, indicating serious symptoms.[2]   (TR 217-218).

16      Generally, more weight is given to a treating physician's
17  opinion than to the opinion of a nontreating physician because a
18  treating physician "'is employed to cure and has a greater
19  opportunity to know and observe the patient as an individual.'"
20  <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995) (citation
21  omitted).   Likewise, greater weight is accorded to the opinion of
22  an examining physician than a non-examining physician.   <u>Id.</u>

23  _____

24      [2]A GAF score of 41 to 50 indicates serious symptoms (e.g.,
    suicidal ideation, severe obsessional rituals, frequent
25  shoplifting) or any serious impairment in social, occupational,
    or school functioning (e.g., no friends, unable to keep job).
26  American Psychiatric Association, Diagnostic and Statistical
    Manual of Mental Disorders, Fourth Edition, Text Revision ("DSM-
27  IV-TR) at 34.

28

1    While the ALJ may disregard the treating physician's opinion,
2    the ALJ may only reject the uncontroverted opinion of a treating
3    physician for clear and convincing reasons.  Where the treating
4    physician's opinion is contradicted by the opinion of an examining
5    physician based on independent clinical findings that differ from
6    those of the treating physician, the opinion of the non-treating
7    source may itself be substantial evidence and it is solely the
8    province of the ALJ to resolve the conflict.  <u>Id.</u>  Independent
9    clinical findings can be either (1) diagnoses that differ from
10   those offered by another physician and that are supported by
11   substantial evidence, or (2) findings based on objective medical
12   tests that the treating physician has not herself considered.  <u>Orn
13   v. Astrue</u>, 495 F.3d 625, 632 (9th Cir. 2007)(citations omitted).
14       However, where the opinions of the nontreating source rest on
15   the same clinical findings as the treating source, the opinions of
16   the treating physician may be rejected only if the ALJ gives
17   specific and legitimate reasons supported by substantial evidence.
18   <u>Andrews v. Shalala</u>, 53 F.3d at 1041 (citation omitted).  Similarly,
19   an ALJ may not reject the opinion of an examining physician, even
20   if contradicted, without providing  "specific and legitimate
21   reasons that are supported by substantial evidence."  <u>Lester v.
22   Chater</u>, 81 F.3d 821, 830-31 (9th Cir. 1996).
23       Here, although plaintiff's treating psychiatrists and
24   psychologists were generally aware of his use of methamphetamines,
25   they repeatedly diagnosed him with schizophrenia, schizoaffective
26
27
28

1  disorder, and/or major depression.[3]    (See TR 218, 225, 238, 240,

2  256).    A diagnosis of either schizophrenia or schizoaffective

3  disorder requires that the symptoms are not due to the

4  physiological effects of a substance.    See DSM-TR-IV at 298, 319.

5  Although a diagnosis alone does not necessarily equate to

6  disability, plaintiff was also given GAF scores indicating serious

7  to moderate symptoms.    (See TR 218, 225, 238, 240, 245, 256, 263).

8  His treating doctors prescribed psychotropic medications.    (See TR

9  226, 237, 239, 260).

10       The ALJ reviewed plaintiff's treatment records, but found that

11  his "treatment appeared to be directly related to his use and

12  addiction to methaphetamines."[4]    (TR 17).    Based on the evidence of

13  plaintiff's continued drug abuse in the record and the findings of

14  consultative examiner, Dr. Linda Smith, (TR 153-59, 178-85), the

15  ALJ found that plaintiff "occasionally has drug induced

16  hallucinations and psychotic episodes as a residual effect of his

17  drug abuse," but that "[t]here is absolutely no evidence that the

18  [plaintiff] would have any mental impairment if he would cease drug

19

20  _____

21       [3]Schizoaffective disorder's "essential feature" is "an uninterrupted period of illness during which, at some time, there is a Major Depressive, Manic, or Mixed Episode concurrent with symptoms that meet Criterion A for Schizophrenia."    DSM-IV-TR at 319.

22

23

24       [4]The ALJ noted that plaintiff had failed to follow his prescribed treatment.    (TR 17).    Although this alone may be a reason to deny benefits who would otherwise be disabled, see 20 C.F.R. §§ 404.1530, 416.930, before doing so, the Commissioner must find that the prescribed treatment is clearly expected to restore the ability to work and plaintiff should be given an opportunity to fully explain the reasons for his failure to follow treatment.    See Social Security Ruling ("SSR") 82-59.

25

26

27

28

use and choose to remain sober." (TR 17).   Dr. Smith's opinions were based on the same type of metal status examination performed by plaintiff's treating doctors.   (Compare TR 182-84 with 218-219).   The ALJ's failure to give specific and legitimate reasons for rejecting the repeated diagnoses of serious mental disorders and finds of plaintiff's treating physicians before reaching these conclusions was material legal error.

Plaintiff also contends that the ALJ failed to properly consider the findings of Nick Andonov, Ph.D, who gave plaintiff a psychiatric examination on April 10, 2006.   (TR 228).   Dr. Andonov gave plaintiff a GAF score of 50 indicating "serious symptoms with difficulties in occupational, academic, and social functioning." (TR 232).   Dr. Andonov diagnosed plaintiff with "schizoaffective disorder by history and currently in residual phase," "amphetamine abuse with resulting trouble and induced psychotic disorders with delusions and hallucinations and reported current abstinence for the past three months," and a "learning disability – dyscalculia." (TR 231).   Dr. Andonov further found that "[u]nless [plaintiff's] emotional state is stable and his condition free of psychotic disorder, based on history of schizophrenia, he is most like[ly] to have relapse and re-experience another psychotic episode." (TR 232).   Dr. Andonov also recommended continued testing.

The ALJ noted Dr. Andonov's diagnosis of amphetamine abuse with induced psychotic disorder, but did not discuss the doctor's other findings, including his finding that plaintiff had "serious symptoms with difficulties in occupational, academic, and social functioning." (TR 232).   This was material error given the ALJ's

8

findings that plaintiff could work despite his drug abuse and the
findings of plaintiff's treating physicians concerning the serious
to moderate symptoms that plaintiff presented on treatment.

Accordingly, remand is warranted on these issues. If, on
remand, the Commissioner determines that the opinions of a treating
or examining physician should be rejected, he should give legally
sufficient reasons for doing so. Further, if the Commissioner
determines that plaintiff is disabled, he should consider whether
plaintiff's drug abuse is a contributing factor material to the
determination of disability. See 42 U.S.C. § 423(d)(2)(C).

B.   Medication Side Effects

Plaintiff contends that the ALJ erred by failing to discuss
the side effects of plaintiff's medications, Zoloft and Effexor.

Plaintiff's counsel does not point to any side effects evident
in the record. Instead, counsel cites potential side effects of
these medications from a pharmaceutical manual. An ALJ need not
discuss potential side effects of medications where the record
shows no evidence that plaintiff is actually experiencing such side
effects. In fact, there are several notations in the record that
plaintiff's medications did not cause him side effects. (See TR
213, 215). Side effects not "severe enough to interfere with
[plaintiff's] ability to work" are properly excluded from
consideration. Osenbrock v. Apfel, 240 F.3d 1157, 1164 (9th Cir.
2001).

Remand is not warranted on this issue.

C.   Severe Impairment

Plaintiff contends that the ALJ erred in concluding at step

9

1 | two of the sequential evaluation that plaintiff's schizoaffective

2 | disorder is not a severe impairment under the Act.

3 | This issue is inextricably intertwined with the ALJ's

4 | consideration of the opinions of plaintiff's treating doctors.  On

5 | remand, the Commissioner will have an opportunity to determine

6 | whether plaintiff has a severe mental impairment independent of his

7 | drug abuse, after reconsidering the opinions of plaintiff's

8 | treating physicians.

9 | D.    Past Relevant Work

10 | Finally, plaintiff claims that the ALJ erred by failing to

11 | discuss the physical and mental demands of plaintiff's past

12 | relevant work.  See Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir.

13 | 1986) ("To determine whether a [plaintiff] has the residual

14 | capacity to perform his past relevant work, the [Commissioner] must

15 | ascertain the demands of the [plaintiff's] former work and then

16 | compare the demands with his present capacity"); see also 20 C.F.R.

17 | §§ 404.1520(e), (f), 416.920(e), (f).  But the ALJ found no

18 | exertional limitations and the record does not disclose any.

19 | Moreover, plaintiff's description of his past work as an unloader

20 | indicates that it was unskilled, entry-level work.   (TR 81).

21 | However, on remand, the Commissioner will have an opportunity to

22 | reconsider plaintiff's impairment(s), whether they are severe, and

23 | if so, how that impacts his residual functional capacity and

24 | ability to perform his past relevant work.

25 | REMAND IS APPROPRIATE IN THIS CASE

26 | The decision whether to remand a case for additional evidence

27 | is within the discretion of the court.  Sprague v. Bowen, 812 F.2d

28 |

1226, 1232 (9th Cir. 1987).  Remand is appropriate if the record is incomplete and additional proceedings would remedy defects in the Commissioner's decision.  <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989).

Having considered the record as a whole, it appears that the present record is insufficiently developed.

CONCLUSION

Accordingly, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. §405(g) to the Commissioner for further administrative action consistent with this opinion.

DATED: August 6, 2008

CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE

11